UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 2000 P Street NW, Suite 240 Washington, D.C. 20036 | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action # |
| v. | ) ) | **COMPLAINT** |
| UNITED STATES FISH AND WILDLIFE SERVICE, an administrative agency of the United States Department of the Interior, 1849 C Street NW, Room 3331 Washington, DC 20240 | ) ) ) ) ) ) | |
| Defendant. | ) | |

**PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, in order to compel the United States Fish and Wildlife Service ("FWS"), to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff sent its FOIA request (Request No. FWS-2015-00276) via U.S. mail and email on December 2, 2014. Defendant's statutory production period expired on January 14, 2015, twenty working days plus ten additional working days after receiving the request. 5 U.S.C §552(a)(6)(A). Defendant has failed to produce any records in response.

3. FOIA requires that federal agencies respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government

and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and directs agencies to "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

4. Plaintiff is a non-profit organization with tax-exempt status dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

5. PEER's December 2, 2014 FOIA request sought records related to FWS's final order extending the expiration dates for the Aquaculture Depredation Order ("AQDO," 50 C.F.R. 21.47, enacted in 1998) and the Public Resource Depredation Order ("PRDO," 50 C.F.R. 21.48, enacted 2003), which authorize take of double-crested cormorants ("DCCOs").

6. PEER requested all records, including communications, from FWS describing any efforts by FWS to monitor DCCO population and distribution; relating to FWS efforts to secure compliance with the ACDO and the PRDO's requirements by any state deemed to be in potential noncompliance; and addressing the non-toxic bullets requirement.

7. Defendant's failure to provide even a single responsive document within the statutory time period coupled by its failure to indicate whether or when such documents would be forthcoming is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request. This conduct frustrates the public's right to know whether FWS is enforcing federal safeguards regarding a high-profile wildlife issue.

8. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 52(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in its FOIA request as well as other appropriate relief.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

10. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

11. This Court is a proper venue because Plaintiff resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(C) (2011) (where defendant is the government or a government agent, a civil action may be brought in the district where the plaintiff resides if there is no real property at issue). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

12. This Court has the authority to award costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

13. Plaintiff, PEER, is a non-profit public interest organization, with its main office located in Washington, D.C., and field offices located in California, Colorado, Florida, Massachusetts, and Tennessee. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government. Informing the public about these important public policy issues is central to PEER's mission. PEER educates and informs the public through news releases to the media on its website, www.peer.org.

14. Defendant, FWS, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

15. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## FACTS

16. In 2014, FWS renewed the AQDO and the PRDO, which authorize freshwater commercial aquaculture producers, State fish and wildlife agencies, federally-recognized Tribes, and United States Department of Agriculture Animal and Plant Health Inspection Service and Wildlife Services to kill DCCOs. FWS recently extended these orders after conducting an Environmental Assessment. "Final Environmental Assessment: Management of Double-crested Cormorants Under 50 C.F.R. 21.47 and 21.28" (May 2014); Finding of No Significant Impact, May 5, 2014. In doing so, FWS made certain representations concerning its population monitoring efforts, its response to state program noncompliance, and its phase-out of the use of lead bullets as a means for mitigating environmental concerns raised during public comments on the Draft Environmental Assessment.

17. Plaintiff sought records on December 2, 2014, relating to FWS's representations about its efforts to monitor DCCO population and distribution, including records outlining the methodology used for such monitoring, including any indication as to the effect of depredation activities on DCCO population health. Plaintiff also sought records and communications relating to FWS efforts to secure compliance with the orders' requirements by Texas, South Carolina, and any other state deemed to be in potential noncompliance. Lastly, Plaintiff sought records relating to the non-toxic bullets requirement in addition to

any records indicating how FWS will enforce this requirement and monitor compliance with it. In short, Plaintiff sought the records evidencing the claims FWS used as the basis for its Finding of No Significant Impact.

18. Defendant received the FOIA request by email on December 2, 2014 and had twenty working days after that to respond or to ask for a ten day extension. (5 U.S.C. § 552(a)(6)(B)). That same day, Defendant acknowledged receipt of Plaintiff's request and assigned it a tracking number.

19. Defendant also requested a ten day extension (43 C.F.R. 2.19) on December 2, 2014.

20. To date, Plaintiff has not received any records responsive to its December 2, 2014 FOIA request.

21. Because administrative remedies under FOIA are deemed exhausted whenever an agency fails to comply with the applicable time limits, 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has actively exhausted all administrative remedies.

22. Plaintiff now turns to this Court to enforce FOIA's remedies and its guarantee of public access to agency records.

## CAUSES OF ACTION

### Violation of the Freedom of Information Act

23. Plaintiff incorporates the allegations in the preceding paragraphs.

24. Defendant's failure to disclose the records requested under Request No. FWS-2015-00276 within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552 *et seq.*, and the Agency's own regulations promulgated there under, 43 C.F.R. § 2.1 *et seq.*

## **Violation of the Administrative Procedure Act**

25. Plaintiff incorporates the allegations in the preceding paragraphs.

26. Defendant's failure to disclose the records requested under Request No. FWS-2015-00276 within the time frames mandated by statute is an arbitrary and capricious action that violates the Administrative Procedure Act 5 U.S.C. § 500 *et seq*.

## **Relief Requested**

WHEREFORE, Plaintiff respectfully requests that this Court:

　i. Enter an order declaring that Defendant has wrongfully withheld the requested agency records;

　ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

　iii. Maintain jurisdiction over this action until Defendant complies with FOIA, the Administrative Procedure Act, and every order of this Court;

　iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

　v. Grant such additional and further relief to which Plaintiff may be entitled.

Dated: January 14, 2015

　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　__/s/ _____
　　　　　　　　　　　　　　　　　　Paula Dinerstein, DC Bar # 333971
　　　　　　　　　　　　　　　　　　Public Employees for Environmental Responsibility,
　　　　　　　　　　　　　　　　　　200 P Street, NW Suite 240
　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　(202) 265-7337
　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*